UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON ANDREYEVICH IAGOUNOV,<br>Petitioner,<br>v.<br>DEPT. OF PROBATION, et al.,<br>Respondents. | Case No. 2:26-cv-2521-DC-JDP (P)<br><br>ORDER |

Petitioner, a detainee in the Nevada Southern Detention Center, filed this section 2241 action challenging a future sentence. He claims that venue in this district is proper because it is where his future custodian is located. ECF No. 1 at 1. I find that the petition is inadequate to proceed. I will dismiss it with leave to amend, so that petitioner may have one opportunity to explain why this action should still proceed. I will also grant petitioner's application to proceed *in forma pauperis*, ECF No. 4.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

[1] These rules also apply to section 2241 petitions, like the one at bar. *See* Rule 1(b), Rules Governing Section 2254 Cases.

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition is fundamentally defective because a section 2241 petition's general purpose is to "challenge the manner, location, or conditions of a sentence's execution . . . ." *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Here, if petitioner's conviction is not final, and he is a pre-trial detainee, then it necessarily follows that he cannot challenge the execution of a sentence. A section 2241 petition may be used to challenge the legality of a federal sentence in the rare case when a section 2255 motion is inadequate to do so. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). But this escape hatch still contemplates a final sentence to be challenged.

I will dismiss the petition with leave to amend so that petitioner may explain why, if at all, this action should proceed.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form and with this order. If he files an amended complaint, he must use this form.

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE