UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTON ANDREYEVICH IAGOUNOV,

Petitioner,

v.

DEPT. OF PROBATION, *et al.*,

Respondents.

Case No. 2:26-cv-2521-DC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Petitioner, a detainee in the Nevada Southern Detention Center, filed this section 2241[1] action challenging a future sentence of supervised release. He claims that venue in this district is proper because it is where his future custodian is located. ECF No. 8 at 1. I dismissed his initial petition with leave to amend after finding that it did not, as section 2241 requires, "challenge the manner, location, or conditions of a sentence's execution . . . ." *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). I noted that petitioner himself acknowledged that his conviction was not final and that he was, as yet, a pre-trial detainee. Petitioner has filed an amended petition wherein he clarifies that the term of supervised release he is challenging relates to a finalized conviction originating in this district, and that he is a pre-trial detainee in a separate indictment in

[1] The docket lists this action as proceeding pursuant to section 2254. The operative petition, however, specifies that it is brought pursuant to section 2241. ECF No. 8 at 1.

Nevada. ECF No. 8 at 1-2. I still find, however, that his claims are not cognizable in a section 2241 petition for the reasons stated below.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[2] Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As before, petitioner is challenging the imposition of a term of supervised release stemming from his conviction in *United States v. Iagounov*, 2:24-cr-0101-DJC. ECF No. 8 at 1. The Ninth Circuit has held that "Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, Rule 35(c) motion." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). Thus, I will recommend dismissal of the petition. If petitioner wishes to pursue his challenge to his term of supervised release, he must avail himself of one of the options identified above.

Accordingly, it is RECOMMENDED that the amended petition, ECF No. 8, be DISMISSED without leave to amend for failure to state a cognizable section 2241 claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

[2] These rules also apply to section 2241 petitions, like the one at bar. *See* Rule 1(b), Rules Governing Section 2254 Cases.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE